**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COLONIAL BAKING COMPANY OF SPRINGFIELD and Bakery & Confectionery Workers Local No. 235, Respondents.**

No. 83–1911.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1984.

Decided April 25, 1984.

Law Offices of Benjamin J. Francka, Benjamin J. Francka, Springfield, Mo., for respondent Union Bakery & Confectionery Workers Local No. 235.

Robert C. McCracken, Campbell Taggart, Inc., Dallas, Tex., for respondent Colonial Baking Company of Springfield.

Helen L. Morgan, Mark S. McCarty, William A. Lubbers, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Associate General Counsel, Elliott Moore, Deputy Associate General Counsel, National Labor Relations Board, Washington, D.C., for petitioner.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

HEANEY, Circuit Judge.

The National Labor Relations Board petitions for enforcement of its order against the Colonial Baking Company (Colonial) and the Bakery and Confectionery Workers Local No. 235 (Union). *Colonial Baking Co.*, 264 N.L.R.B. No. 72, 111 L.R.R.M. 1372 (1982). The Board found that Colonial had violated sections 8(a)(3) and 8(a)(1) of the National Labor Relations Act by refusing to hire George Bellinger for a journeyman baker's job because he was not a member of, or had not been cleared by, the Union, and that the Union violated sections 8(b)(2) and 8(b)(1)(A) of the Act by causing the Company not to hire Bellinger because he was not a member of, or was not cleared by, the Union. *See* 29 U.S.C. § 158(a)(1), (3), (b)(1)(A), (2) (1982). We refuse to enforce the Board's order.

The facts can be briefly stated. Bellinger worked as an underhand (apprentice) and baker for several Springfield, Missouri, bakeries—signatories to a collective bargaining agreement with the Union—between 1945 and 1961. He was issued a journeyman baker's card by the Union in 1948. In 1961, he left the bakery business but took out a "retiring card" which entitled him to retain his status as a baker without having to pay monthly dues to the Union.

In 1978, Bellinger wanted to return to the bakery business and went to the Union

office to deposit his "retiring card" and become an active member. He was issued a new membership card, and renewed payment of his monthly dues. He attempted to find work but was unsuccessful. After a few months, he discontinued paying dues and was removed from the membership roles.

On June 13, 1980, Bellinger went to Colonial looking for work. After learning that Bellinger had been a journeyman baker, the interviewer told Bellinger that if he could get "cleared" by the Union he could be hired by Colonial and then bump an underhand doing journeyman's work at the bakery. The collective bargaining agreement in effect at that time provided:

Section 8. Any underhand or apprentice who successfully bids on a Journeyman bakers vacancy shall be considered temporary until completion of his two year apprentice period or until he acquires his Journeyman status. *A Journeyman baker who is a member of Local 235 covered by this Contract may replace the underhand, or apprentice provided he is qualified.* Any underhand who bids on a Journeyman job and works it for over thirty (30) days cannot move off the job unless he is laid off or cut back. [Emphasis added.]

Bellinger then went to the Union seeking to be admitted as a journeyman. The Union refused to do that; it voted rather to admit him as an underhand. Bellinger objected to this action and filed the unfair labor practice charges indicated above against Colonial and the Union. The crux of his complaint was that the Union was obligated to admit him as a journeyman and, had it done so, Colonial would have hired him and permitted him to bump an underhand doing journeyman's work out of her or his job. The administrative law judge agreed. He stated:

Section 8, as it appeared in the 1978–1980 agreement, gave bumping rights or privileges to a "member of Local 235 covered by this contract." The language of the Section was applied by both the Respondent Employer and the Respondent Union in mid-June to deny Bellinger employment because he lacked member-

ship in the Union. In doing so Colonial violated Section 8(a)(1) and (3) of the Act, and Local 235 violated Section 8(b)(1)(A) and (2) of the Act.

The Board adopted this approach.

In our view, the Board clearly erred in interpreting the collective bargaining agreement and applying the Act to require Bellinger's readmission as a journeyman after he left his baker's job in 1961 and forfeited his union membership in 1978. Under its interpretation of the clause in question, any person with sufficient experience to qualify as a journeyman who could secure a job with a signatory employer could bump any underhand doing a journeyman's job—irrespective of where, when, or under what circumstances the experience was acquired. The clause does not and was not intended to have this effect. It is rather a simple seniority clause designed to give job preference to journeymen who are employed for longer continuous periods in the industry by employers signing the agreement.

The clause sets forth the time after which an underhand could be considered a journeyman. It further gives journeymen employed under the agreement the right to bump underhands who had not yet attained journeyman status. Bellinger had not worked in the industry since 1961. It would not only be unfair but a violation of the collective bargaining agreement to permit him to bump those who had worked under the agreement in the interim period while Bellinger was pursuing his employment interests elsewhere. The Union did not refuse membership or referral to Bellinger; it simply refused him bumping rights not consistent with the collective bargaining agreement based on his lack of current seniority. Thus, substantial evidence does not support the Board's finding of discrimination prohibited by the Act on the part of Colonial or the Union. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

The interviewer misread the collective bargaining agreement when he interviewed Bellinger and promised him employment as

a journeyman if he could get a journeyman's card from the Union. Bellinger was undoubtedly misled by this promise, but the action cannot serve as the basis of an unfair labor practice charge.

We have no quarrel with the cases cited by the Board. They are simply inapplicable to this factual situation. Here, there is no evidence that the "true purpose" or "real motive" of the Union and the employer was to encourage membership in the Union. *See Local 357, International Brotherhood of Teamsters v. NLRB*, 365 U.S. 667, 675, 81 S.Ct. 835, 839, 6 L.Ed.2d 11 (1961). Nor can such an intent be inferred as it was in *United Brotherhood of Carpenters v. NLRB*, 690 F.2d 661, 664–665 (8th Cir. 1982). Here, the Union was willing to accept Bellinger as a member and had no objection to Colonial or any other employer hiring him as an underhand. It simply was unwilling to accept him as a journeyman and to accede to his demand that he be permitted to bump employees with greater present seniority classified as underhands doing journeyman work.

Enforcement of the Board's order is denied.